**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JANAYE ELLIS,**

          Plaintiff,

vs.

**OAKLAND HOPE,**

          Defendant.

CIVIL ACTION # _____

JUDGE _____

_____/

ANDRE M. SOKOLOWSKI (P60737)
DORA HERMIZ SOKOLOWSKI (P59215)
**THE LEX FIRM, P.C.**
Attorneys for Plaintiff
5840 Lorac Drive, Suite 10
Clarkston, MI  48346
Office (248) 353-7800
andre@thelexfirm.com / dora@thelexfirm.com
_____/

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
**(with Jury Demand Endorsed Herein)**

      **NOW COMES** Plaintiff, JANAYE ELLIS, by and through her attorneys, THE LEX FIRM, P.C., brings the following Complaint against the Defendant Oakland Hope, as follows:

**NATURE OF CLAIM**

1. This is a proceeding for declaratory and injunctive relief and for damages against Defendant to redress the deprivation of rights secured to Plaintiff by the Americans with Disabilities Act of 1990 (hereinafter referred to as "ADA") and the Persons with Disabilities Civil Rights Act, MCL § 37.1201 *et seq.*, (hereinafter referred to as "PDCRA").  Plaintiff seeks a declaratory judgment and injunction to restrain Defendant

from maintaining practices, policies, customs, and usages which discriminate against Plaintiff.

## JURISDICTION

2. Plaintiff hereby incorporates by reference Paragraph 1.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1367, as Count II utilizes the same core operative fact and is therefore subject to supplemental jurisdiction.

4. The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

5. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant Oakland Hope is a Michigan non-profit corporation, with its principal place of business in the County of Oakland, State of Michigan; the events giving rise to this cause of action occurred within the Eastern District of Michigan.

## PARTIES

6. Plaintiff hereby incorporates by reference Paragraphs 1 through 5.

7. Plaintiff Janaye Ellis (hereinafter referred to as "Janaye" or "Plaintiff") is a disabled citizen of the United States, the State of Michigan and resides in the City of Pontiac.

8. All the discriminatory practices alleged in this complaint occurred within the State of Michigan.

9. Upon information and belief, Defendant, Oakland Hope is a Michigan non-profit corporation that conducts business in the State of Michigan and has its principal place of business in the State of Michigan, including within the jurisdiction of this Court.

## STATEMENT OF FACTS

10. Plaintiff hereby incorporates by reference Paragraphs 1 through 9.

11. Janaye is a person with a disability because Janaye has determinable physical characteristics that substantially limit one or more life activities and is unrelated to Janaye's ability to use and benefit from public accommodations, such as stores like Oakland Hope.

12. Janaye has used a wheelchair, cane and/or requires the assistance of a service dog to help guide her, retrieve items and assist with other health-related tasks, such as medical alerts.

13. On or about May 11, 2023, Janaye (with her service dog "Akira") and Janaye's guest entered Oakland Hope to shop (collectively referred to as "Janaye's Group").

14. On or about May 11, 2023, upon arriving and shopping at Oakland Hope, the following occurred:

   a) Janaye's Group entered Oakland Hope Thrift Store in Pontiac, MI around 1:20 p.m.

   b) Oakland Hope has a sign at the door, stating service animals must provide paperwork and wear a vest to enter.

   c) While in line, the Janaye Group was first approached by a woman who worked for Oakland Hope. She asked if Akira was a service dog, which Janaye confirmed. Two additional women who also were employees, approached the Janaye Group, one of whom was identified as Norma.

   d) Norma asked Janaye if Akira was a service dog; again Janaye confirmed that Akira was a service dog and was in fact working.

   e) Norma then proceeded to ask Janaye to "show my papers" to her and prove it. Janaye told Norma that what she was asking was illegal, and that Janaye did not have to show paperwork or prove it.

   f) Norma told Janaye that Akira must be wearing a vest to be a service dog and Janaye must show her proof, or Janaye would have to leave the store.

g) Norma pulled the Janaye Group out of the line, causing a huge scene.

h) Janaye then started recording the incident on her cell phone. Once Janaye started recording, Norma told her that she could stay, but must show proof and put a vest on Akira, in order to return there again.

i) Norma's harassment made Janaye feel like Janaye was inferior and doing something wrong, with other customers even saying the police should be called on her.

## COUNT I: VIOLATION OF THE AMERICAN WITH DISABILITIES ACT

15. Plaintiff hereby incorporates by reference Paragraphs 1 through 14.

16. Oakland Hope is a public accommodation pursuant to 42 U.S.C. §1218(7)(E).

17. Janaye was denied full and equal enjoyment of Oakland Hope's good, services, facilities, privileges and advantages on the basis of her disability.

18. Pursuant to 42 U.S.C. §12187, Janaye requests that this Court issue an injunction requiring Oakland Hope to allow full and equal enjoyment of its goods, services, facilities, privileges and advantages to disabled persons with service dogs. In connection with that relief, Janaye, requests attorney fees and costs of maintaining this action.

## COUNT II: PDCRA

19. Plaintiff hereby incorporates by reference Paragraphs 1 through 18.

20. Janaye's numerous health issues constitute a *disability,* as that term is defined by and within the meaning of the PDCRA, MCL 37.1103.

21. Oakland Hope is a "place of public accommodation" pursuant to the PDCRA, MCL 1301(a).

22. Oakland Hope committed an unlawful act pursuant to MCL 1302(a) by denying Janaye full enjoyment of its accommodations, advantages, facilities or privileges.

23. Pursuant to the PDCRA, Janaye is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $100,000, as well as issuant of an injunction requiring Oakland Hope to allow full and equal enjoyment of its good, services, facilities, privileges and advantages to disabled persons with service dogs.

## **RELIEF**

**WHEREFORE** Plaintiff, JANAYE ELLIS, requests this Honorable Court grant her relief in the form of the following:

A. Compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $100,000, as well as issuant of an injunction requiring Oakland Hope to allow full and equal enjoyment of its good, services, facilities, privileges and advantages to disabled persons with service dogs.

B. An injunction, with the with the following Prohibition of Discrimination:

   a. Oakland Hope shall not discriminate against any individual with a disability in the full and equal enjoyment of its goods, services, facilities, privileges or accommodations;

   b. Oakland Hope shall not deny equal services, accommodations, or other opportunities to any individual because of a known relationship between the individual and a person with a disability;

   c. Oakland Hope shall generally modify any policies, practices or procedure to permit the use of a service animal by an individual with a disability;

d. Oakland Hope shall not retaliate against or coerce in any way any person who made, or is making a complaint by exercising his or her rights under state and federal law;

e. Oakland Hope shall permit individuals with disabilities who use service animals to be accompanied by the service animal in Oakland Hope's facilities;

f. Oakland Hope personnel shall limit any inquiries concerning a service animal to two questions: whether the animal is required because of a disability, and what work or tasks the animal has been trained to perform. Oakland Hope shall not ask a person for documentation of the animal's certification or training, ask that the animal demonstrate its ability to perform the work or task, ask that the animal where a vest, or inquire about the nature of the person's disability;

g. Oakland Hope shall only exclude a service animal accompanied by an individual with a disability if the service animal is out of control or not house broken. If the service animal is properly excluded, Oakland Hope personnel shall give the individual with a disability the opportunity to obtain Oakland Hope's goods and services without the service animal being present;

h. Keep policies and procedures on hand in all Oakland Hope facilities for any customer who wishes to, upon request, read them;

i. Prominently post the policies and procedures on its website;

j. Post a copy of the Notice attached to this correspondence in a conspicuous location visible to the public;

k. All personnel must be trained on the requirements of pertinent state and federal law; and

l. Oakland Hope shall require personnel to comply with the obligations stated herein, and shall use all of its powers to do so including, but not limited to, personnel actions, reprimand, or termination of employment.

Respectfully submitted,

**THE LEX FIRM, P.C.**

_____s/Dora G. Hermiz Sokolowski_____
ANDRE M. SOKOLOWSKI (P60737)
DORA HERMIZ SOKOLOWSKI (P59215)
Attorneys for Plaintiff
5840 Lorac Drive, Suite 10
Clarkston, MI   48346

Dated:  November 14, 2023

## JURY DEMAND

**NOW COMES** Plaintiff, JANAYE ELLIS, by and through her attorneys, THE LEX FIRM, P.C., and pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury in this action.

Respectfully submitted,

**THE LEX FIRM, P.C.**

　　　s/Dora G. Hermiz Sokolowski
ANDRE M. SOKOLOWSKI (P60737)
DORA HERMIZ SOKOLOWSKI (P59215)
Attorneys for Plaintiff
5840 Lorac Drive, Suite 10
Clarkston, MI   48346

Dated:  November 14, 2023